# I



**KATHY HOCHUL**
Governor

**RICHARD A. BALL**
Commissioner

February 15, 2022

Hon. Doyle Phillips, Supervisor
Town of Wilson
375 Lake Street
P.O. Box 537
Wilson, NY 14172

John Sinclair, Chairman
Town of Wilson Zoning Board of Appeals
375 Lake Street
P.O. Box 537
Wilson, NY 14172

Re: AML §305-a (1) Review Concerning the Town of Wilson's Zoning Code and its
      Application to The Haunted Forests LLC, Niagara County Agricultural District No. 7

Dear Supervisor Phillips and Chairman Sinclair:

On December 1, 2021, the Department informed the Town that the Department received a request from Cory Quinn, owner of The Haunted Forests LLC (Haunted Forests), to review the Town of Wilson's (Town) Zoning Code for compliance with Agriculture and Markets Law (AML) §305-a. Mr. Quinn provided a copy of the Town Zoning Board of Appeals' (ZBA) Special Use Permit Findings & Decision, issued on August 23, 2021, which approved certain activities with conditions imposed by the ZBA. These conditions include, among other conditions, noise and light restrictions, regulated hours of operation and liability insurance policy requirements.

On January 11, 2021, the Department received a letter from Kyle Andrews, attorney for the Town of Wilson, explaining the Town's reasoning underlying the conditions placed on the Special Use Permit issued to Haunted Forests. Mr. Andrews indicated that Mr. Quinn applied for a Special Use Permit on behalf of the farm to operate a haunted hayride, scare-attraction after dark and other agri-tourism activities at the property. Town Code §127-11 (d)(14) allows the Zoning board of Appeals to issue a Special Use Permit for "[a]gricultural tourism related activities. On-farm recreational activities such as hayrides, petting zoo, harvest festivals and cornfield mazes that contribute to the production and marketing of crops livestock or livestock products."

On August 23, 2021, the ZBA reviewed the application and determined that the proposed activity qualified for a Special Use Permit under the Town's Zoning Code. However, the ZBA placed certain conditions on the permit related to the nature and scope of the activity, hours of operation, public safety and sanitation facilities. The minutes of the ZBA's August 23rd meeting indicate that the ZBA also discussed that AML §301(11) states that the proposed activities are allowable "…to attract traffic" and "gate receipts cannot exceed revenue from farm related agricultural products." As such, the Special Permit requires that the farm provide "revenue receipts each year to prove Ag & Markets requirements." AML 301(11) defines a "farm operation" for purposes of

Hon. Doyle Phillips, Supervisor
Hon. John Sinclair, Chairman
Town of Wilson
2 | P a g e

AML Article 25-AA.  Note, however, that this definition does not set forth requirements for farm operations under local laws.  Based upon the Department's AML 305-a guidelines, however, the Department supports the Town's information request of the farm operation to provide yearly revenue receipts.

The Department does not regulate farm operations nor provide discrete local requirements to regulate farms. Rather, local governments regulate land uses through local laws, rules and regulations. AML §§301(11) and 305-a provide the Department with the ability to evaluate such local requirements and their administration. These statutes do not specifically allow or disallow certain land uses by farm operations, however. The Town and the farm may, however, agree to local approvals and conditions which reference the Department's guidelines as being applicable to the farm's activity or land use.

The Department performs AML §305-a reviews on a case-by-case basis, taking into account the specific facts of each situation. Initially, the Department evaluates whether an activity or proposed activity is part of a "farm operation" as defined in AML §301(11). If an activity is part of a farm operation, then it is eligible for protection under AML §305-a. Based upon the information submitted by Haunted Forests, including its AML §305-a application, the production, preparation and marketing of Christmas trees, corn and pumpkins by the farm constitutes a start-up farm operation.

Permit requirements to ensure that health and safety requirements are met and a review of a site's ingress and egress, as well as parking requirements are generally not unreasonably restrictive. Noise may also become an issue. Farmers need to work with the municipality and neighbors to mitigate noise impacts and/or place reasonable limits on the hours of operation. Further, agritourism activities must be used as part of the direct marketing strategy of the farm operation and the primary purpose of the activity must be to sell the farm's products/services, not to serve as a recreational use of the land.[1]

Based upon a review of the ZBA's Special Use Permit Findings & Decision, and the information submitted by the farm and the Town, the Department finds that the conditions of the Special Use Permit do not unreasonably restrict the farm operation. Note, however, that the Department is not interpreting Town Code §127-11(D)(14) as a matter of the rights of the Town or the farm under New York State Town Law or common law.

---

[1] See *Guidelines for Review of Local Laws Affecting Direct Farm Marketing Activities,* available at: http://agriculture.ny.gov/land-and-water/guideline-review-local-laws-affecting-direct-farm-marketing-activities.

HF-0095

Hon. Doyle Phillips, Supervisor
Hon. John Sinclair, Chairman
Town of Wilson
3 | P a g e

The Department appreciates the Town's cooperation and participation in the Department's review process, and its willingness to support these activities. The Department will be closing its file on this matter.

If you have any questions, please contact Kate Tylutki at (518) 457-2851. If Mr. Andres has any questions, he may contact Department Senior Attorney Nicole Persaud.

Sincerely,

Michael J. Latham
Director

cc:    Kyle R. Andres, Esq., Attorney for Town of Wilson
       The Haunted Forests, LLC, Owner
       John Syracuse, Chair, Niagara County AFPB
       Kathleen Tylutki, Dept. of A&M
       Nicole Persaud, Esq., Senior Attorney, Dept. of A&M

HF-0096