# AA

# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**500**
**CA 24-00599**
PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

---

IN THE MATTER OF HAUNTED FOREST, LLC,
AND TRACY A. QUINN,
PETITIONERS-PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

TOWN OF WILSON AND TOWN OF WILSON ZONING BOARD,
RESPONDENTS-DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR
RESPONDENTS-DEFENDANTS-APPELLANTS.

LIPPES MATHIAS LLP, CLARENCE (JUSTIN J. ANDREOZZI OF COUNSEL), FOR
PETITIONERS-PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered April 2, 2024, in a hybrid CPLR article 78 proceeding and action. The judgment granted in part the relief sought in the petition-complaint, annulled the positive declaration issued by respondents, directed respondents to address petitioners-plaintiffs' pending special use permit application and ordered a damages inquest.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, and the first, second, third, and fifth causes of action are dismissed.

Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and action seeking, among other things, review of the determination of respondents-defendants (respondents) to issue a positive declaration under the State Environmental Quality Review Act ([SEQRA]; ECL art 8), requiring petitioners to submit a draft environmental impact statement (DEIS) in connection with their renewal application for a special use permit to conduct a Halloween-themed event on their rural property. Petitioners' first, second, third, and fifth causes of action were brought pursuant to CPLR article 78. Petitioners also asserted causes of action for tortious interference with business relations, injury to business reputation, and violations of 42 USC § 1983. In appeal No. 1, respondents appeal from a judgment that, inter alia, granted the petition-complaint (petition) in part by annulling respondents' determination to issue a positive declaration and directing respondents to address petitioners' pending special use application

-2-

within 30 days "without any SEQRA analysis."  In appeal No. 2, respondents appeal from an order that, among other things, denied their motion seeking, inter alia, leave to renew with respect to Supreme Court's determination to grant the petition in part and leave to amend their answer.

Respondents contend in appeal No. 1 that their issuance of a positive declaration under SEQRA did not constitute a final agency action inasmuch as the positive declaration required only the preparation of a DEIS and the special use application remained under their review.  Respondents thus contend that petitioners' causes of action challenging respondents' determination pursuant to CPLR article 78 must be dismissed because they are not ripe for judicial review (*see Matter of Agoglia v Benepe*, 84 AD3d 1072, 1076 [2d Dept 2011]; *see generally Matter of State of New York v Calhoun*, 106 AD3d 1470, 1473 [4th Dept 2013]).  We agree, and we therefore reverse the judgment and dismiss the first, second, third, and fifth causes of action.  A proceeding under CPLR article 78 generally "shall not be used to challenge a determination" that is "not final or can be adequately reviewed by appeal . . . to some other body or officer" (CPLR 7801 [1]).  Generally, a positive declaration is not a final agency action (*see Matter of Ranco Sand & Stone Corp. v Vecchio*, 27 NY3d 92, 100 [2016]).  Although there are circumstances under which a mere positive declaration will be deemed ripe for review, those circumstances are not present here (*see id.*; *Matter of Gordon v Rush*, 100 NY2d 236, 242-243 [2003]).  To permit judicial review under the circumstances of this case would have "the inevitable result" of rendering every positive declaration ripe for review merely "because the preparation of a DEIS by its nature carries financial costs that generally cannot be recouped, regardless of the outcome of the SEQRA process and the ultimate determination on a petitioner's zoning application" (*Ranco Sand & Stone Corp.*, 27 NY3d at 100).

We reject respondents' contention in appeal No. 2 that the court abused its discretion in denying that part of their motion seeking leave to amend the answer to add an affirmative defense based on petitioners' failure to file a summons.  Contrary to respondents' contention, petitioners' failure to file a summons is a defect in personal jurisdiction, not subject matter jurisdiction (*see Holst v Liberatore*, 115 AD3d 1216, 1217 [4th Dept 2014]; *see also Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 327 [2011]; *Matter of K & M Motors, Inc. v State of New York Dept. of Motor Vehs.*, 232 AD3d 1264, 1265 [4th Dept 2024]; *see generally Matter of New York Times Co. v City of N.Y. Police Dept.*, 103 AD3d 405, 407 [1st Dept 2013], *lv dismissed* 21 NY3d 930 [2013], *lv denied* 22 NY3d 854 [2013]), and respondents waived a defense based on that defect by failing to raise it in their pre-answer motion to dismiss (*see McGowan v Hoffmeister*, 15 AD3d 297, 297 [1st Dept 2005]; *cf. Iacovangelo v Shepherd*, 5 NY3d 184, 186-187 [2005]; *see also Holst*, 115 AD3d at 1217).

Respondents also contend in appeal No. 2 that the fourth and tenth causes of action, alleging tortious interference with business

relations and injury to business reputation, respectively, must be dismissed based on petitioners' failure to serve a notice of claim. We agree.  Service of a notice of claim is a condition precedent to the commencement of a tort action against a town (*see Cammarella v East Irondequoit Cent. School Bd.*, 41 AD2d 29, 31 [4th Dept 1973], *affd* 34 NY2d 139 [1974]; *see generally* General Municipal Law § 50-i [1]), and the failure to serve a notice of claim is a defect in subject matter jurisdiction (*see Hey v Town of Napoli*, 265 AD2d 803, 804 [4th Dept 1999]).  "[A] court's lack of subject matter jurisdiction is not waivable, but may be [raised] at any stage of the action" (*Financial Indus. Regulatory Auth., Inc. v Fiero*, 10 NY3d 12, 17 [2008] [internal quotation marks omitted]; *see E. Williamson Roofing & Sheet Metal Co. v Town of Parish*, 139 AD2d 97, 105-106 [4th Dept 1988]).  Here, petitioners did not serve a notice of claim within the requisite 90-day period after the claim arose (*see* § 50-e [1] [a]) and did not move for leave to serve a late notice of claim within one year and 90 days after the claim arose (*see* §§ 50-e [5]; 50-i [1]; *McCrae v City of New York*, 44 AD3d 306, 306 [1st Dept 2007]).  We therefore modify the order by granting respondents' motion insofar as it sought leave to amend the answer to add the fifteenth objection in point of law for failure to timely serve a notice of claim and dismissing the fourth and tenth causes of action (*see Montano v City of Watervliet*, 47 AD3d 1106, 1109 [3d Dept 2008]; *City of New York v 611 W. 152nd St.*, 273 AD2d 125, 127 [1st Dept 2000]; *see generally Financial Indus. Regulatory Auth., Inc.*, 10 NY3d at 17).

In light of our determination, we do not address respondents' remaining contentions.

Entered: July 25, 2025                                    Ann Dillon Flynn
                                                         Clerk of the Court

# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**501**
**CA 24-01568**
PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

---

IN THE MATTER OF HAUNTED FOREST, LLC,
AND TRACY A. QUINN,
PETITIONERS-PLAINTIFFS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

TOWN OF WILSON AND TOWN OF WILSON ZONING BOARD,
RESPONDENTS-DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR
RESPONDENTS-DEFENDANTS-APPELLANTS.

LIPPES MATHIAS LLP, CLARENCE (JUSTIN J. ANDREOZZI OF COUNSEL), FOR
PETITIONERS-PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered September 26, 2024, in a hybrid CPLR article 78 proceeding and action.  The order denied the motion of respondents-defendants seeking, inter alia, leave to renew and leave to amend their answer.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion insofar as it sought leave to amend the answer to add the fifteenth objection in point of law for failure to timely serve a notice of claim and dismissing the fourth and tenth causes of action, and as modified the order is affirmed without costs.

Same memorandum as in *Matter of Haunted Forest, LLC v Town of Wilson* ([appeal No. 1] — AD3d — [July 25, 2025] [4th Dept 2025]).

Entered: July 25, 2025                         Ann Dillon Flynn
                                               Clerk of the Court