UNITED STATES DISTICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE HAUNTED FORESTS LLC and
TRACY A. QUINN,
Plaintiffs,

-against-

Case No.:
1:25-CV-01124-LJV

TOWN OF WILSON, NY, TOWN OF WILSON ZONING BOARD OF APPEALS, TRAVIS EVANS (in his individual and official capacity as Code Enforcement Officer/Building Inspector), DOYLE PHILLIPS (in his individual and official Capacity as Town Supervisor), ROBERT HULL (in his individual and official capacity as Town Councilman and Chairman of the Ethics Committee), AGNES DIANE MUSCOREIL (in her individual and official capacity as Town Clerk), JOHN MOLEY (in his individual and official Capacity as a Member of the Zoning Board of Appeals), ESTATE OF JAMES V. MUSCOREIL, SR. (in his individual and official capacity as a Town Councilman); and MARK SCHMITKONS (in his individual and official capacity as a Member of the Ethics Committee),

Defendants.

---

# PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

LIPPES MATHIS LLP
*Attorney for Plaintiffs*
Justin J. Andreozzi
9145 Main Street
Clarence, NY 14031
Telephone: (716) 565-1100
jandreozzi@lippes.com

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ........ 1

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. A Dismissal on Ripeness Grounds Does Not Constitute a Decision on the Merits for Purposes of Res Judicata ........ 2

II. The Hybrid Nature of the State Court Proceeding Independently Defeats Res Judicata ........ 5

III. Res Judicata Does Not Apply When Claims Remain Pending in State Court on Appeal ........ 8

IV. General Res Judicata Principles Do Not Support Preclusion of This Action ........ 10

V. Plaintiffs' Intent to Consolidate Proceedings Demonstrates Good Faith and Judicial Economy ........ 12

CONCLUSION ........ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Allen v. McCurry*,
449 U.S. 90, 96 (1980) ....................10

*Clegg v. United States*,
112 F.2d 886, 887 (10th Cir. 1940) ....................3

*Cloverleaf Realty of New York, Inc. v. Town of Wawayanda*,
572 F.3d 93, 98 (2d Cir. 2009) ....................3

*Davidson v. Capuano*,
792 F.2d 275, 277–78 (2d Cir. 1986) ....................5, 7, 11

*Davis v. Halpern*,
813 F.2d 37, 39 (2d Cir. 1987) ....................6, 7, 11, 12

*Esquire Trade & Finance, Inc. v. CBQ, Inc.*,
562 F.3d 516, 520 (2d Cir. 2009) ....................4

*Giano v. Flood*,
803 F.2d 769 (2d Cir. 1986) ....................7

*Joseph v. HDMJ Rest., Inc.*,
685 F. Supp. 2d 312, 316 (E.D.N.Y. 2009) ....................3, 4

*Kremer v. Chemical Construction Corp.*,
456 U.S. 461, 481–82 (1982) ....................10

*Marrese v. American Academy of Orthopaedic Surgeons*,
470 U.S. 373, 380–81 (1985) ....................10

*Matter of Estate of Forth*,
254 A.D.2d 836, 837 (4th Dep't 1998) ....................6

*Matter of Gordon v. Rush*,
100 N.Y.2d 236, 242–43 (2003) ....................2

*Matter of Greenberg v. Assessor of Town of Scarsdale*,
121 A.D.3d 986, 989 (2d Dep't 2014) ....................8

*Matter of Haunted Forest, LLC v. Town of Wilson*,
240 A.D.3d 1340, 1340 (4th Dep't 2025) ....................2

*Matter of Hudson v. Town of Orchard Park Zoning Board of Appeals*,
218 A.D.3d 1380, 1384 (4th Dep't 2023) ....................8

*Matter of Ranco Sand & Stone Corp. v. Vecchio*,
27 N.Y.3d 92, 100 (2016) ....................2

*Merced v. Ponte*,
2019 WL 1208791 (E.D.N.Y. Mar. 13, 2019), aff'd, 807 F. App'x 127 (2d Cir. 2020) ....................3, 4

*Migra v. Warren City School District Board of Education*,
465 U.S. 75, 81 (1984) ....................9, 10

*Murungi v. Mercedes Benz Credit Corp.*,
192 F. Supp. 2d 71 (W.D.N.Y. 2001) ....................3, 4

*People ex rel. Spitzer v. Applied Card Systems, Inc*,
11 N.Y.3d 105, 122 (2008) ....................9

*Saylor v. Lindsley*,
391 F.2d 965, 968 (2d Cir. 1968) ....................3

**Statutes & Other Authorities:**


28 U.S.C. § 1738 .......... 10, 11

42 U.S.C. § 1983 .......... *passim*

42 U.S.C. § 1988 .......... *6*

CPLR Article 78 .......... *passim*

CPLR Rule 5013 .......... 2

CPLR § 3211(e) .......... 2

CPLR § 7806 .......... 6

N.Y. State Environmental Quality Review Act (SEQRA) .......... *passim*

# PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs The Haunted Forests LLC and Tracy A. Quinn respectfully submit this supplemental memorandum of law in response to the Court's directive at oral argument on April 20, 2026, requesting additional briefing on specific res judicata issues. For the reasons set forth below, and consistent with Plaintiffs' prior submissions, Defendants' motion for judgment on the pleadings should be denied.

## PRELIMINARY STATEMENT

At the close of oral argument, this Court identified several discrete questions concerning the applicability of res judicata to this action. Specifically, the Court directed the parties to address: (1) whether a dismissal on ripeness grounds constitutes a decision on the merits for purposes of res judicata; (2) whether the hybrid nature of the state court Article 78 proceeding impacts the res judicata analysis; (3) whether res judicata applies when claims may still be pending in state court on appeal; and (4) general principles governing preclusion of a subsequent federal § 1983 action by a prior state court Article 78 dismissal. In addition, Plaintiffs respectfully submit a fifth point addressing the practical procedural posture of this case and Plaintiffs' commitment to judicial economy, which is relevant to the Court's consideration of the equities and the purpose underlying the doctrine of res judicata. As demonstrated below, each of these inquiries weighs decisively against the application of res judicata in this case.

## ARGUMENT

### POINT I: A DISMISSAL ON RIPENESS GROUNDS DOES NOT CONSTITUTE A DECISION ON THE MERITS FOR PURPOSES OF RES JUDICATA.

The threshold requirement for res judicata – under both New York law and federal preclusion principles – is a prior adjudication on the merits. No such adjudication occurred here. This indisputable fact ends the entire analysis and independently defeats Defendants' motion. The Appellate Division, Fourth Department, dismissed Plaintiffs' *Article 78 causes of action* solely on ripeness grounds, holding that the ZBA's positive declaration under SEQRA "did not constitute a final agency action" and that the Article 78 claims "must be dismissed because they are not ripe for judicial review." *Matter of Haunted Forest, LLC v. Town of Wilson*, 240 A.D.3d 1340, 1340 (4th Dep't 2025). The Fourth Department never reached the substance of Plaintiffs' plenary claims. It simply concluded that, under *Matter of Ranco Sand & Stone Corp. v. Vecchio*, 27 N.Y.3d 92, 100 (2016), and *Matter of Gordon v. Rush*, 100 N.Y.2d 236, 242–43 (2003), the positive declaration was a preliminary step in the administrative process that was not yet ripe for judicial challenge.

A ripeness dismissal is quintessentially a jurisdictional or procedural determination – not a merits adjudication. New York's CPLR expressly distinguishes between merits and non-merits dismissals. While CPLR Rule 5013 – which provides that "[a] judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise" – governs trial-level dispositions, it reflects New York's broader statutory policy of distinguishing between merits adjudications and procedural or jurisdictional dispositions. That policy applies with equal force to appellate dismissals on procedural grounds. *See also* CPLR 3211(e) (providing that certain dismissals do not constitute adjudications on the merits). The

Fourth Department's order contains no specification that its ripeness dismissal was intended as a merits determination – because it was not one. The court found only that the challenged agency action was not yet final for Article 78 purposes, not that Plaintiffs' substantive claims lacked merit.

The Second Circuit has long recognized that res judicata requires "a valid final judgment" that was "rendered on the merits." *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir. 1968). A judgment that does not resolve "the real or substantial grounds of action or defense" but rather addresses "matters of practice, procedure, jurisdiction or form" does not trigger res judicata. *Id.* (quoting *Clegg v. United States*, 112 F.2d 886, 887 (10th Cir. 1940)). Although *Saylor* itself concerned a dismissal for failure to post a court-ordered bond rather than a ripeness dismissal, its articulation of the governing principle is dispositive: a ripeness dismissal falls squarely within the category of jurisdictional and procedural rulings that do not reach the merits. Notably, neither party has identified – and this Court's own inquiry at oral argument confirmed the absence of – any authority holding that a ripeness dismissal constitutes a merits adjudication for res judicata purposes. Where, as here, neither *Merced* nor *Murungi* (Defendants' principal authorities) "talked about ripeness specifically" – as defense counsel candidly acknowledged – the general principle articulated in *Saylor* governs by default. Tr. of Oral Argument at 16:11-12. [1]

This principle finds further support in the Second Circuit's treatment of procedural dismissals in the preclusion context. In *Joseph v. HDMJ Rest., Inc.*, the court examined whether a state court's dismissal of an Article 78 petition for untimeliness constituted a decision "on the merits" for res judicata purposes. 685 F. Supp. 2d 312, 316 (E.D.N.Y. 2009). Relying on *Cloverleaf Realty of New York, Inc. v. Town of Wawayanda*, 572 F.3d 93, 98 (2d Cir. 2009), the

[1] The Administrative Office of the United States Courts transcript order stated that a Certified copy of the April 20, 2026 transcript of oral argument would be provided to the clerk for the records of the court. If the Court does not yet possess the certified copy Plaintiffs are ready and willing to provide the copy they received upon request.

court concluded that a state court dismissal for reasons "unrelated to the merits" does not constitute a merits adjudication and is therefore not entitled to "claim preclusive effect." *Joseph,* 685 F. Supp. 2d at 316. As the court observed, the doctrine of res judicata "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Esquire Trade & Finance, Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009). Where the state court does not review the substance of the claims but dismisses on procedural or jurisdictional grounds, the first element is not satisfied.

Defendants' reliance on *Merced v. Ponte*, 2019 WL 1208791 (E.D.N.Y. Mar. 13, 2019), *aff'd*, 807 F. App'x 127 (2d Cir. 2020), and *Murungi v. Mercedes Benz Credit Corp.*, 192 F. Supp. 2d 71 (W.D.N.Y. 2001), is misplaced. As this Court noted during oral argument, neither case addresses the situation presented here – a ripeness dismissal. As defense counsel himself acknowledged at oral argument, "I don't recall that the *Merced* case talked about ripeness specifically," and he was unable to identify any case holding that a ripeness dismissal constitutes a merits adjudication for res judicata purposes. Tr. of Oral Argument at 16:11-12. The cases cited by Defendants involved Article 78 petitions that were denied or dismissed after substantive judicial review, not cases where the court concluded it lacked the ability to adjudicate the claims because they were not yet ripe.

The distinction matters enormously. A ripeness determination holds only that the time for adjudication has not yet arrived – it says nothing about whether the plaintiff's claims have merit. Indeed, as the Court itself observed during oral argument, "if something is unripe eventually it could become ripe." Tr. of Oral Argument at 6:8-9. A ruling that claims are premature is the antithesis of a ruling on the merits.

**POINT II: THE HYBRID NATURE OF THE STATE COURT PROCEEDING INDEPENDENTLY DEFEATS RES JUDICATA.**

Even if the Fourth Department's ripeness dismissal of the Article 78 claims could somehow be characterized as a merits adjudication – which it cannot – the hybrid nature of the state court proceeding also independently precludes the application of res judicata to bar Plaintiffs' § 1983 claims for damages. Defendants contend that because Plaintiffs brought a hybrid proceeding that combined Article 78 and § 1983 claims in the same pleading, a decision that the Article 78 claims were not ripe somehow bars adjudication of the constitutional claims. This argument is without merit and misapprehends the applicable law.

The Second Circuit established in *Davidson v. Capuano*, that "the judgment in an Article 78 proceeding [does not] preclude[] a later civil rights claim for damages based on the same underlying facts" because the damages sought in a § 1983 action are not "incidental to the primary relief" sought in the Article 78 proceeding. 792 F.2d 275, 277-78 (2d Cir. 1986). The court in *Davidson* held that because the plaintiff "could not properly have obtained in the state court Article 78 proceeding the damage relief he seeks here," the § 1983 action was "not barred by res judicata." Id, at 276. Critically, *Davidson*'s dispositive rationale was not that the plaintiff *failed to raise* the § 1983 claims in the Article 78 proceeding, but rather that Article 78 procedures are structurally incapable of affording the damages relief sought under § 1983. That structural limitation is equally present – indeed, it is confirmed by the procedural history of this very case – regardless of whether § 1983 claims are pled alongside Article 78 claims or separately.

If anything, the fact that Plaintiffs *did* raise their § 1983 claims in the state court proceeding – and those claims were *never adjudicated* – presents an even stronger case against preclusion than *Davidson*. In *Davidson*, the plaintiff had *not* raised § 1983 claims in a hybrid pleading that accompanied the requested Article 78 relief, and the court held that res judicata could not bar

claims that *could not have been fully litigated* there. Here, Plaintiffs raised their § 1983 claims, the state court acknowledged those claims required separate discovery and trial under plenary procedures, and *no court ever adjudicated them*. A fortiori, res judicata cannot bar claims that were *actually raised* but never reached – not because the plaintiff neglected to raise them, but because the forum's procedural structure required them to be adjudicated through a separate process that was interrupted by Defendants' own appeals.

This principle reflects a structural limitation of New York's Article 78 procedure. CPLR § 7806 provides that "[a]ny restitution or damages granted to the petitioner must be incidental to the primary relief sought by the petitioner, and must be such as he might otherwise recover on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity." The damages available in a § 1983 action – including compensatory damages, punitive damages, and attorneys' fees under 42 U.S.C. § 1988 – are not "incidental" to Article 78 relief and therefore cannot be obtained in an Article 78 proceeding. As the Fourth Department has recognized, a "cause of action for monetary damages for violation of 42 USC § 1983 was properly dismissed because monetary relief is only available in a CPLR article 78 proceeding when it is incidental to the primary relief sought" and "section 1983 damages are never incidental." *Matter of Estate of Forth*, 254 A.D.2d 836, 837 (4th Dep't 1998). The import of *Forth* is clear: because § 1983 damages are *never* incidental to Article 78 relief, they can *never* be adjudicated in an Article 78 proceeding – and consequently, an Article 78 disposition can never preclude their pursuit in a subsequent action.

The Second Circuit has consistently reaffirmed this principle. In *Davis v. Halpern*, the court held that "claim preclusion is inapplicable" where a plaintiff seeks damages in federal court on civil rights claims following a prior Article 78 judgment. 813 F.2d 37, 39 (2d Cir. 1987). The

court relied on its earlier holdings in *Davidson* and *Giano v. Flood*, 803 F.2d 769 (2d Cir. 1986), both of which "expressly held that a New York plaintiff is not barred from seeking damages, in federal court, on civil rights claims by reason of a prior judgment on the same underlying facts in an Article 78 proceeding requesting injunctive or affirmative relief." *Davis*, 813 F.2d at 39. The reason, the court explained, is "that damages are not available in these circumstances in an Article 78 proceeding and therefore that action cannot give the damages relief demanded in a civil rights suit." Id. The court further emphasized that "[t]hat is the very claim preclusion rule applied in these circumstances by the New York courts, a rule which is, of course, binding on the federal courts in this case." *Id.* (citing *Davidson*, 792 F.2d at 282).

Defendants' argument is further undermined by the procedural history of this very case. When Plaintiffs prevailed on the constitutional claims at the Article 78 hearing before Justice Sedita, Defendants themselves argued that "the Article 78 order made no determination concerning respondent's alleged liability under plenary causes of action that could properly be remedied by a damages award." Doc. No. 15-10, p. 269. Defendants further insisted that "Section 1983 damages are never incidental" and that "Petitioners' plenary causes of action cannot be determined via Article 78 procedures." Doc. No. 15-10, pp. 267, 271. Justice Sedita agreed and amended his order, scheduling the § 1983 claims for separate discovery and a liability determination before any damages trial could proceed. Doc. No. 15-8.

Defendants cannot now argue that the Fourth Department's ripeness dismissal of the Article 78 claims precludes this § 1983 action while simultaneously maintaining – as they did before Justice Sedita – that Article 78 proceedings cannot result in monetary damages for civil rights violations and that § 1983 claims require a separate adjudication. These positions are irreconcilably contradictory. If Article 78 did not provide a forum for the full adjudication of

Plaintiffs' § 1983 claims, then res judicata cannot bar Plaintiffs from pursuing those claims in this Court.

Moreover, the nature of the state court proceeding as a hybrid Article 78 proceeding reinforces this conclusion. The Fourth Department itself characterized the state court litigation as such. In a hybrid proceeding, different procedural rules apply to the Article 78 causes of action and to the plenary causes of action. As the Fourth Department recognized in *Matter of Hudson v. Town of Orchard Park Zoning Board of Appeals*, "[a] Court 'may not employ the summary procedure applicable to a CPLR Article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment.'" 218 A.D.3d 1380, 1384 (4th Dep't 2023), *quoting Matter of Greenberg v. Assessor of Town of Scarsdale*, 121 A.D.3d 986, 989 (2d Dept. 2014).

The hybrid nature of the proceeding thus confirms that the Article 78 component and the § 1983 component are analytically and procedurally distinct. The dismissal of one does not constitute adjudication of the other.

## POINT III: RES JUDICATA DOES NOT APPLY WHEN CLAIMS REMAIN PENDING IN STATE COURT ON APPEAL.

Res judicata requires a *final judgment*. In this case, the § 1983 claims asserted in the state court litigation have never been adjudicated and remain pending. The Fourth Department dismissed only the Article 78 causes of action on ripeness grounds; it did not address the § 1983 claims. Justice Sedita expressly recognized that the § 1983 claims had to "proceed through discovery to a liability determination" before a damages trial could be held, and he amended his prior order accordingly. Doc. No. 15-8, p.27. No court has ever entered a final judgment on the merits of Plaintiffs' § 1983 claims.

Furthermore, the state court litigation is currently the subject of a pending appeal to the New York Court of Appeals concerning whether the failure to file a summons constitutes a

waivable defect in personal jurisdiction or a non-waivable defect in subject matter jurisdiction. Until the Court of Appeals resolves this issue, the procedural status of the state court action – and the viability of the § 1983 claims within it – remains uncertain. If the Court of Appeals holds that the summons defect was waivable and properly waived (as both Justice Sedita and the Fourth Department found), the § 1983 claims will remain pending in state court. Conversely, if the Court of Appeals determines that the defect was jurisdictional and non-waivable, the state court action would be deemed a "nullity" that "never commenced" – Defendants words. In that event, should this Court simultaneously dismiss Plaintiffs' federal claims on res judicata grounds, Plaintiffs would be deprived of any forum in which to vindicate their constitutional rights. They would face the untenable position of being told their state court claims are void for lack of jurisdiction while simultaneously being barred from pursuing identical claims in federal court because those same state court proceedings supposedly preclude them. Such a contradictory result would be fundamentally unjust and irreconcilable with both the doctrine and underlying purpose of res judicata.

Under both New York law and federal full faith and credit principles, a judgment must be final to have preclusive effect. As the Supreme Court held in *Migra v. Warren City School District Board of Education*, federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." 465 U.S. 75, 81 (1984). Under New York law, the elements of claim preclusion require "a judgment on the merits rendered by a court of competent jurisdiction." *People ex rel. Spitzer v. Applied Card Systems, Inc.*, 11 N.Y.3d 105, 122 (2008). Where § 1983 claims have never been adjudicated and the procedural validity of the underlying state court action is itself in dispute, there is no "judgment on the merits" that could give rise to preclusion. Id.

The contradiction in Defendants' position is stark and was noted by this Court at oral argument. Defendants argue in the New York Court of Appeals that the state court litigation "never commenced" due to the summons defect and is a "nullity." Simultaneously, they argue in this Court that the same state court litigation constitutes a "previous action" involving "an adjudication on the merits" that bars this action under res judicata. They cannot have it both ways. If the state court litigation never validly commenced, it cannot serve as the predicate for res judicata. And if it did validly commence, then the § 1983 claims remain pending within it and have never been finally adjudicated – which likewise defeats res judicata.

## POINT IV: GENERAL RES JUDICATA PRINCIPLES DO NOT SUPPORT PRECLUSION OF THIS ACTION.

The legal framework governing the preclusive effect of state court proceedings on subsequent federal § 1983 actions is well established and does not support Defendants' position.

Under 28 U.S.C. § 1738, federal courts must give state court judgments "the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." The Supreme Court has made clear that "§ 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380–81 (1985) (quoting *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82 (1982); *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

The Supreme Court held in *Allen*, that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." 449 U.S. at 96. And in *Migra v. Warren City School District Board of Education*, the Court extended this principle to claim preclusion, holding that a plaintiff's

§ 1983 claims have the same claim-preclusive effect in federal court that the judgment would have in the courts of the state from which it emerged, pursuant to the full faith and credit statute, 28 U.S.C. § 1738. 465 U.S. 75. The Court also made clear, however, that § 1738 requires federal courts to apply the preclusion law of the rendering state – here, New York.

Under New York's preclusion rules, a defendant asserting res judicata must establish: (1) a previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. As demonstrated above, Defendants cannot satisfy any of these elements. *There was no adjudication on the merits*. The Fourth Department dismissed the Article 78 claims on ripeness grounds, and the § 1983 claims have never been adjudicated due to Defendants delays and consistent appeals.

The Individual Defendants – Travis Evans, Doyle Phillips, Robert Hull, Agnes Diane Muscoreil, John Moley, Estate of James V. Muscoreil, Sr., and Mark Schmitkons – were not parties to the state court litigation. The state court proceeding named only the Town and the ZBA as respondents. The Individual Defendants are sued here in both their individual and official capacities for personal misconduct, including conduct that was outside the scope of their official authority and in furtherance of personal animus. The privity analysis does not extend to individuals sued for their own tortious conduct simply because they are associated with a municipal entity.

Additionally, Plaintiffs' § 1983 damages claims could not have been fully litigated in the Article 78 proceeding. As the Second Circuit has held – in *Davidson v. Capuano* and *Davis v. Halpern* – the limited remedial framework of Article 78 proceedings means that § 1983 damages claims are not precluded by a prior Article 78 judgment. Under New York law, as applied by the federal courts, "a New York plaintiff is not barred from seeking damages, in federal court, on civil

rights claims by reason of a prior judgment on the same underlying facts in an Article 78 proceeding requesting injunctive or affirmative relief." *Davis v. Halpern*, 813 F.2d at 39.

Furthermore, this federal action asserts claims that were not raised in the state court litigation, names individual defendants not previously sued, and alleges facts developed through discovery after the state court litigation was commenced. The Complaint advances constitutional theories under § 1983 that go beyond the scope of an Article 78 challenge to an administrative determination and seeks relief – including compensatory damages, punitive damages, and attorneys' fees – that was unavailable in the state court proceeding.

**POINT V: PLAINTIFFS' INTENT TO CONSOLIDATE PROCEEDINGS DEMONSTRATES GOOD FAITH AND JUDICIAL ECONOMY.**

Plaintiffs respectfully submit that this Court should also consider the practical procedural posture of this case and Plaintiffs' demonstrated commitment to judicial economy, both of which expose the bad faith, inconsistent positions relied on by Defendants who seek to skirt responsibility and deprive Plaintiffs of their day in court.

The present action was filed in state Supreme Court as a companion case to the original state court litigation for one reason: to remedy the alleged summons defect that Defendants belatedly raised and to preserve Plaintiffs' claims within the statute of limitations. Defendants' motion to amend their answer to assert a jurisdictional defense based on the purported summons defect came late into the litigation, after Justice Sedita had already ruled on the merits of Plaintiffs' Article 78 claims and admonished Defendants for their actions which he labeled as "irrational … unlawful… and … wrong." Doc. No. 15-6, p.12. Rather than risk being whipsawed by Defendants' tactical maneuvering, and in hopes to avoid the unnecessary expense of litigating *another* issue on appeal, Plaintiffs filed this companion action to ensure that the alleged summons

defect was cured and Defendants' jurisdictional challenge would not deprive them of a forum to adjudicate their claims.

Plaintiffs have no intention of litigating two parallel proceedings. Once this Court resolves the pending motion and Plaintiffs obtain clarity that they may proceed in this action, Plaintiffs intend to voluntarily dismiss the state court proceeding currently pending before the Court of Appeals. Maintaining duplicative litigation, which is solely a result of Defendants' unilateral removal of the companion case to this Court, would be a waste of judicial resources – resources that Plaintiffs have sought to preserve throughout this litigation. The sole purpose of filing this companion case was to avoid the inequitable result of having Plaintiffs' claims extinguished on a technicality that Defendants themselves waived and then belatedly attempted to resurrect.

Plaintiffs seek only their day in court. For over three years, the Town has waged a relentless campaign of procedural obstruction – filing motion after motion and appeal after appeal – in an apparent effort to prevent the facts of this case from ever being adjudicated. Rather than defend its conduct on the merits, Defendants have devoted substantial resources to technical arguments designed to deprive Plaintiffs of any forum in which to present their claims. The law is clear that Defendants arguments are without merit and should be denied. But, for the sake of argument, even if Defendants had miraculously identified a procedural loophole allowing them to (1) wait until an Article 78 proceeding concluded, (2) then raise a belated jurisdictional challenge to the plenary causes of action that were never considered at the Article 78 level, (3) remove Plaintiffs' timely refiled claims to federal court, and (4) seek dismissal under res judicata principles without ever litigating the merits – this Court should not reward such gamesmanship. Dismissal on res judicata grounds is unwarranted where the underlying state court claims have never been adjudicated and Plaintiffs stand ready to consolidate all timely-filed proceedings in a single forum.

Allowing this action to proceed past the motion to dismiss stage would serve the interests of justice and judicial economy. The parties and the courts have a single, clear path forward to resolving the substantive constitutional issues that have been pending for years. Res judicata should not be used as a sword to deny Plaintiffs access to the courts when they have acted in good faith to preserve their claims and avoid the very procedural quagmire that Defendants have created.

## CONCLUSION

For all of the foregoing reasons, and those set forth in Plaintiffs' prior submissions, res judicata does not bar this action. The Fourth Department's ripeness dismissal of the Article 78 claims was not a merits adjudication. The hybrid nature of the state court proceeding precludes the application of res judicata to Plaintiffs' § 1983 damages claims. The § 1983 claims remain pending and have never been finally adjudicated. The general framework governing preclusion of federal civil rights claims by prior state court proceedings does not support Defendants' motion. And Plaintiffs' commitment to voluntarily dismissing the state court appeal upon resolution of this motion demonstrates their good faith and dedication to judicial economy.

Plaintiffs respectfully request that the Court deny Defendants' motion for judgment on the pleadings.

Dated: May 18, 2026

Respectfully submitted,

Justin J. Andreozzi, Esq.
LIPPES MATHIAS LLP
*Attorneys for Plaintiffs*
9145 Main Street
Clarence, NY 14031
T: 716-565-1100
E: jandreozzi@lippes.com