UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE HAUNTED FORESTS LLC and TRACY A. QUINN,

Plaintiffs,

v.

Case No.: 1:25-cv-01124-LJV-MJR

TOWN OF WILSON, NY, TOWN OF WILSON ZONING BOARD OF APPEALS, TRAVIS EVANS (in his individual and official capacity as Code Enforcement Office/Building Inspector), DOYLE PHILLIPS (in his individual and official capacity as Town Supervisor), ROBERT HULL (in his individual and official capacity as Town Councilman and Chairman of the Ethics Committee), AGNES DIANE MUSCOREIL (in her individual and official capacity as Town Clerk), JOHN MOLEY (in his individual and official capacity as a Member of the Zoning Board of Appeals), ESTATE OF JAMES V. MUSCOREIL, SR. (in his individual and official capacity as a Town Councilman); and MARK SCHMITKONS (in his individual and official capacity as a Member of the Ethics Committee),

Defendants.

---

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW REGARDING RES JUDICATA**

Respectfully submitted,

PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400

Craig R. Bucki
Emma P. Murphy
– Of Counsel –

NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, L.L.P.
296 Washington Avenue Extension, Suite 3
Albany, New York 12203
Telephone No. (518) 862-9292

Shawn F. Brousseau
– Of Counsel –

*Attorneys for Defendants Town of Wilson, NY; Town of Wilson Zoning Board of Appeals; Travis Evans; Doyle Phillips; Robert Hull; Agnes Diane Muscoreil; John Moley; Estate of James V. Muscoreil, Sr.; and Mark Schmitkons*

# TABLE OF CONTENTS

Page


TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

POINT I RES JUDICATA BARS ALL OF PLAINTIFFS' CLAIMS IN THIS ACTION ........ 2

A. The State Court Litigation resulted in at least one merits dismissal that the Appellate Division, Fourth Department, assigns preclusive effect ........ 2

B. The State Court Litigation was a hybrid Article 78 proceeding and plenary action entitled to res judicata effect ........ 5

C. The State Court Litigation is entitled to res judicata effect while Defendants' appeal to the New York Court of Appeals is pending ........ 5

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

Page

**Cases**


*5512 OEAAJB Corp. v. Hamilton Ins. Co.*,
189 A.D.3d 1136 (2d Dep't 2020) .......... 6

*Matter of Coal. to Save Cedar Hill v. Plan. Bd. of Inc. Vill. of Port Jefferson*,
68 A.D.3d 764 (2d Dep't 2009) .......... 5

*Corsini v. Nast*,
613 Fed. App'x 1 (2d Cir. 2015) .......... 6

*Covanta Niagara, L.P. v. Town of Amherst*,
70 A.D.3d 1440 (4th Dep't 2010) .......... 3, 4

*Matter of East End Prop. Co. #1, LLC v. Town Bd. of Town of Brookhaven*,
56 A.D.3d 773 (2d Dep't 2008) .......... 5

*Matter of Haunted Forest, LLC v. Town of Wilson*,
240 A.D.3d 1340 (4th Dep't 2025) .......... *passim*

*Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*,
737 F. Supp. 2d 117 (W.D.N.Y. 2010) .......... 7

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
465 U.S. 75, 81 (1984) .......... 2

*Nampiaparampil v. NYC Dep't of Sanitation Enf't Div.*,
2026 WL 879416, at *7 (E.D.N.Y. Mar. 31, 2026) .......... 4

*Plaza PH2001 LLC v. Plaza Residential Owner LP*,
98 A.D.3d 89 (1st Dep't 2012) .......... 6

*Schulz v. Barrows*,
94 N.Y.2d 624, 627 (2000) .......... 6

*Simmons v. Trans Express Inc.*,
37 N.Y.3d 107 (2021) .......... 4

*Simmons v. Trans Express Inc.*,
955 F.3d 325 (2d Cir. 2020), *certified question accepted*, 35 N.Y.3d 966 (2020), *and certified question answered*, 37 N.Y.3d 107 (2021) .......... 2


**Statutes**


42 U.S.C. § 1983 .......... 1, 4, 6, 7

CPLR Article 78 .......................................................................................................... *passim*

Pursuant to this Court's request at the motion hearing on April 20, 2026 (Doc. No. 18), Defendants[1] submit this supplemental Memorandum of Law to address the Court's questions presented concerning application of res judicata to this action. On account of the merits dismissal of a portion of the Verified Petition and Complaint in *Matter of Haunted Forest LLC v. Town of Wilson, NY* (Niagara County Index No. E181144/2023) (the "State Court Litigation"), res judicata bars this action, which itself should be entirely dismissed as a result.

## PRELIMINARY STATEMENT

First, an open question exists under New York law whether the dismissal of Plaintiffs' CPLR Article 78 causes of action in the State Court Litigation for lack of ripeness constituted a determination on the merits. Whether it did or not, however, the dismissal of two of Plaintiffs' plenary causes of action for Plaintiffs' failure to serve a timely notice of claim upon the Town *did* constitute a dismissal on the merits regardless. For that reason, New York's transactional theory of res judicata prevents Plaintiffs from prosecuting this action, which sets forth claims they could have asserted (and did assert) in the State Court Litigation.

Second, the parties do not dispute the State Court Litigation is a hybrid Article 78 proceeding and plenary action. A judgment entered in such a hybrid proceeding and action is entitled to preclusive effect under New York law.

Third, the State Court Litigation has res judicata effect even though Plaintiffs' 42 U.S.C. § 1983 causes of action remain pending during an appeal by the Town and its ZBA to the New York Court of Appeals. Simply put, the merits dismissal of at least two causes of action in

[1] Capitalized and abbreviated terms have the same meanings assigned in Defendants' initial Memorandum of Law supporting their pending motion for judgment on the pleadings (Doc. No. 12-4).

the State Court Litigation because of Plaintiffs' failure to serve a notice of claim compel dismissal of this action on account of res judicata.

## ARGUMENT

## POINT I

## RES JUDICATA BARS ALL OF PLAINTIFFS' CLAIMS IN THIS ACTION

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Simmons v. Trans Express Inc.*, 955 F.3d 325, 328 (2d Cir. 2020) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)), *certified question accepted*, 35 N.Y.3d 966 (2020), *and certified question answered*, 37 N.Y.3d 107 (2021). The res judicata effect of the State Court Litigation is therefore established under New York common law, rather than under Federal common law.

### A. The State Court Litigation resulted in at least one merits dismissal that the Appellate Division, Fourth Department, assigns preclusive effect

First, this Court asked the parties whether the dismissal of Plaintiffs' Article 78 causes of action in the State Court Litigation for lack of ripeness (*see Matter of Haunted Forest, LLC v. Town of Wilson*, 240 A.D.3d 1340, 1341 (4th Dep't 2025)) was a finding on the merits for the purpose of res judicata. Defendants respectfully maintain this is an open question, because they have identified no precedent from the New York Court of Appeals or from a lower New York Court that would answer it.[2]

This Court need not resolve the question, however, because the Fourth Department also dismissed Plaintiffs' plenary causes of action that alleged tortious interference

[2] Plaintiffs' Article 78 causes of action did in fact ripen, though, when the ZBA issued the 2024 SUP with conditions in June 2024, and Plaintiffs failed to bring a timely challenge to any of those conditions during the subsequent four-month limitations period. Answer ¶¶ 115-17.

with business relations and injury to business reputation on account of Plaintiffs' failure to serve a notice of claim upon the Town; and because Plaintiffs did not appeal from that dismissal. *Haunted Forest*, 240 A.D.3d at 1342; Answer ¶ 124. In the view of the Fourth Department, such dismissal was a merits determination that confers res judicata effect upon the State Court Litigation, irrespective of whether the dismissal of Plaintiffs' Article 78 causes of action was a merits determination also.

On this point, *Covanta Niagara, L.P. v. Town of Amherst*, 70 A.D.3d 1440 (4th Dep't 2010), is controlling. That case concerned a solid waste disposal company that had commenced an initial action against the Town of Amherst Garbage and Refuse District # 1 to recover an amount that it claimed was due for payment under a terminated contract. *Id.* at 1440-41. New York State Supreme Court, Erie County, dismissed that action because the company had failed to serve the required notice of claim, and the Fourth Department affirmed. *Id.* at 1441 (citing *Covanta Niagara, L.P. v. Town of Amherst Garbage & Refuse Dist. # 1*, 49 A.D.3d 1295 (4th Dep't 2008)).

The company "subsequently filed a notice of claim on March 21, 2007," and commenced a second action for breach of contract against the Town of Amherst. *Covanta Niagara*, 70 A.D.3d at 1441. New York State Supreme Court, Erie County, denied a motion to dismiss this second complaint on the basis of res judicata, but the Fourth Department modified the order to reflect that Supreme Court should have granted the motion to dismiss, in part. *Id.*[3]

[3] Because a notice of claim did precede the second *Covanta Niagara* action, the second action was barred by res judicata only to the extent its causes of action had accrued prior to the operative notice-of-claim limitations period. *Covanta Niagara*, 70 A.D.3d at 1441. Here, Plaintiffs never served any notice of claim upon the Town, and "did not serve for leave to serve a late notice of claim" when they could have done so "within one year and 90 days after the claim arose[.]" *Haunted Forest*, 240 A.D.3d at 1342-43. Because the dismissal of Plaintiffs' causes of action that alleged tortious interference with business relations and injury to business reputation

In doing so, the Fourth Department explained that "the court's prior dismissal" of the company's first breach-of-contract action "was a final determination of the action for purposes of the doctrine of res judicata[.]" *Id.* at 1442. *Accord, Nampiaparampil v. NYC Dep't of Sanitation Enf't Div.*, 2026 WL 879416, at *7 (E.D.N.Y. Mar. 31, 2026) (likewise recognizing that, under New York State law, a dismissal in State Court for failure to comply with mandatory notice prerequisites to filing suit was a determination on the merits). So, too, here, the Fourth Department's dismissal of two causes of action on account of Plaintiffs' failure to serve a required notice of claim (*see Haunted Forest*, 240 A.D.3d at 1342-43) was a final determination on the merits.

Critically, because of these two merits dismissals, the State Court Litigation has res judicata effect whether the dismissals of Plaintiffs' Article 78 causes of action were on the merits or not. New York's Court of Appeals has "consistently" subscribed to a "'transactional analysis approach'" of res judicata: "'once a claim is brought to a final conclusion, *all other claims arising out of the same transaction or series of transactions* are barred, even if based upon different theories or if seeking a different remedy[.]'" *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (2021) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)) (emphasis in original). Because Plaintiffs' causes of action alleging tortious interference with business relations and injury to business reputation were finally determined on the merits, any claims that Plaintiffs could have brought in the State Court Litigation -- including the § 1983 claims they asserted in the State Court Litigation and that they assert again in this action in

---

was on the merits, and because Plaintiffs could have asserted (and did assert) the four § 1983 claims set forth in their Complaint herein in their Verified Petition and Complaint in the State Court Litigation (*see* Answer Ex. W, ¶¶ 149-75), New York's transactional approach to res judicata compels dismissal of this entire Federal action.

Federal Court -- are now barred by res judicata.

**B. The State Court Litigation was a hybrid Article 78 proceeding and plenary action entitled to res judicata effect**

Second, this Court asked whether the State Court Litigation was a hybrid Article 78 proceeding and plenary action for the purpose of evaluating its res judicata effect. The answer to this question is yes.

Indeed, Plaintiffs themselves do not dispute the State Court Litigation was a "hybrid CPLR Article 78 proceeding and plenary action." ECF Doc. No. 14, p. 2. *Accord*, Doc. No. 9-23 (referring to Plaintiffs' "Verified Petition/Complaint" in the State Court Litigation). Defendants agree this is a proper characterization. *Accord*, Answer ¶ 104. In evaluating the Town's and the ZBA's appeals, the Fourth Department itself also agreed the State Court Litigation was a "hybrid CPLR article 78 proceeding and action[.]" *Haunted Forest*, 240 A.D.3d at 1341. For all these reasons, there can be no serious dispute that the State Court Litigation was a hybrid Article 78 proceeding and plenary action.

Further, as explained in Defendants' Reply Memorandum of Law in further support of their motion for judgment on the pleadings, hybrid proceedings and plenary actions have res judicata effect when one or more causes of action asserted therein are decided on the merits, as Plaintiffs' tortious interference with business relations and injury to business reputation causes of action were in the State Court Litigation. *See* Doc. No. 17, pp. 3-4. *Accord*, *Matter of Coal. to Save Cedar Hill v. Plan. Bd. of Inc. Vill. of Port Jefferson*, 68 A.D.3d 764, 766-67 (2d Dep't 2009); *Matter of East End Prop. Co. #1, LLC v. Town Bd. of Town of Brookhaven*, 56 A.D.3d 773, 777 (2d Dep't 2008).

**C. The State Court Litigation is entitled to res judicata effect while Defendants' appeal to the New York Court of Appeals is pending**

Third, this Court asked whether the State Court Litigation has preclusive effect,

even though Plaintiffs' § 1983 claims asserted in that case may survive the Town's and the ZBA's effort to seek their dismissal on their pending appeal to the New York Court of Appeals.[4] The answer to this question is yes.

Under New York claim preclusion law, a pending appeal does not alter the applicability of res judicata. In *Plaza PH2001 LLC v. Plaza Residential Owner LP*, for example, the plaintiff had commenced a second action "based on essentially the same claims" during the pendency of its appeal from the dismissal of its complaint in a previous action against the same defendant. 98 A.D.3d 89, 96 (1st Dep't 2012). Although the Appellate Division, First Department, reinstated one of the plaintiff's causes of action in the first action, it affirmed the dismissal of the second complaint on account of res judicata. *Id.* at 98. This outcome was consistent with the general principle that, in New York State Court, "the mere pendency of an appeal does not deprive a challenged judgment or order of its res judicata effect[.]" *5512 OEAAJB Corp. v. Hamilton Ins. Co.*, 189 A.D.3d 1136, 1139 (2d Dep't 2020). Federal Courts in the Second Circuit have consistently recognized and applied this rule. *Accord*, *Corsini v. Nast*, 613 Fed. App'x 1, 3-4 (2d Cir. 2015) (holding claims in Federal action were barred by res judicata because plaintiff's similar causes of action had been dismissed in a New York State Court litigation, even though the plaintiff had appealed that dismissal in New York State Court);

---

[4] Although Defendants disputed that Plaintiffs' tortious interference with business relations and injury to business reputation causes of action were properly commenced in view of Plaintiffs' failure to file a summons with the Niagara County Clerk, the Fourth Department unambiguously dismissed those causes of action on account of Plaintiffs' failure to serve a notice of claim. *Haunted Forest*, 240 A.D.3d at 1342-43. Plaintiffs never sought leave to appeal to the New York Court of Appeals from those dismissals (or the dismissals of their CPLR Article 78 causes of action), thereby making those dismissals law of the case in the State Court Litigation. *Accord*, *Schulz v. Barrows*, 94 N.Y.2d 624, 627 (2000) (recognizing an Appellate Division determination that was not at issue on appeal to the New York Court of Appeals was "law of the case"); Answer ¶ 125.

*Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117, 119-20 (W.D.N.Y. 2010) ("Under New York law, the pendency of an appeal does not deprive a challenged judgment of preclusive effect.") (internal citation and quotation marks omitted).

Accordingly, notwithstanding Defendants' pending appeal to the New York Court of Appeals concerning Plaintiffs' remaining § 1983 claims, the State Court Litigation is still entitled to res judicata effect and bars this action, because the Fourth Department dismissed at least two causes of action in the State Court Litigation on the merits, and because New York's transactional approach to res judicata therefore prohibits this action, which sets forth § 1983 claims that Plaintiffs could have asserted (and did assert) in the State Court Litigation.

**CONCLUSION**

For all the foregoing reasons, and for the reasons set forth in their principal Memorandum of Law (Doc. No. 12-4) and their Reply Memorandum of Law (Doc. No. 17), Defendants respectfully request judgment in their favor on the pleadings and dismissal of the Complaint in its entirety.

Dated: Buffalo, New York
May 18, 2026

PHILLIPS LYTLE LLP

By: /s/ Craig R. Bucki
Craig R. Bucki
Emma P. Murphy
One Canalside, 125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
cbucki@phillipslytle.com
emurphy@phillipslytle.com

Dated: Albany, New York
May 18, 2026

NAPIERSKI, VANDENBURGH,
NAPIERSKI & O'CONNOR, L.L.P.

By: /s/ Shawn F. Brousseau
Shawn F. Brousseau
296 Washington Avenue Extension, Suite 3
Albany, New York 12203
Telephone No. (518) 862-9292
sfb@nvnolaw.com

*Attorneys for Defendants Town of Wilson, NY; Town of Wilson Zoning Board of Appeals; Travis Evans; Doyle Phillips; Robert Hull; Agnes Diane Muscoreil; John Moley; Estate of James V. Muscoreil; and Mark Schmitkons*