UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE HAUNTED FORESTS LLC and TRACY A. QUINN,

Plaintiffs,

v.

Case No.: 1:25-cv-01124-LJV-MJR

TOWN OF WILSON, NY, TOWN OF WILSON ZONING BOARD OF APPEALS, TRAVIS EVANS (in his individual and official capacity as Code Enforcement Office/Building Inspector), DOYLE PHILLIPS (in his individual and official capacity as Town Supervisor), ROBERT HULL (in his individual and official capacity as Town Councilman and Chairman of the Ethics Committee), AGNES DIANE MUSCOREIL (in her individual and official capacity as Town Clerk), JOHN MOLEY (in his individual and official capacity as a Member of the Zoning Board of Appeals), ESTATE OF JAMES V. MUSCOREIL, SR. (in his individual and official capacity as a Town Councilman); and MARK SCHMITKONS (in his individual and official capacity as a Member of the Ethics Committee),

Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW**

Respectfully submitted,

PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400

Craig R. Bucki
Emma P. Murphy
– Of Counsel –

NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, L.L.P.
296 Washington Avenue Extension, Suite 3
Albany, New York 12203
Telephone No. (518) 862-9292

Shawn F. Brousseau
– Of Counsel –

*Attorneys for Defendants Town of Wilson, NY; Town of Wilson Zoning Board of Appeals; Travis Evans; Doyle Phillips; Robert Hull; Agnes Diane Muscoreil; John Moley; Estate of James V. Muscoreil, Sr.; and Mark Schmitkons*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

POINT I RES JUDICATA BARS ALL OF PLAINTIFFS' CLAIMS IN THIS ACTION ........ 2

A. Plaintiffs fail to refute there was a merits dismissal in the State Court Litigation, or to acknowledge New York's transactional analysis approach to res judicata ........ 3

B. Plaintiffs fail to apprehend that a hybrid Article 78 proceeding and plenary action such as the State Court Litigation, is entitled to res judicata effect ........ 5

C. Plaintiffs fail to recognize the State Court Litigation is entitled to res judicata effect while Defendants' appeal to the New York Court of Appeals is pending, and their policy arguments to the contrary are unpersuasive ........ 7

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

Page

**Cases**

*Covanta Niagara, L.P. v. Town of Amherst*,
70 A.D.3d 1440 (4th Dep't 2010) ....9

*Davidson v. Capuano*,
792 F.2d 275 (2d Cir. 1986) ....9

*Esquire Trade & Fin., Inc. v. CBQ, Inc.*,
562 F.3d 516 (2d Cir. 2009) ....2

*Matter of Haunted Forest, LLC v. Town of Wilson*,
240 A.D.3d 1340 (4th Dep't 2025) ....9

*Matter of Haunted Forest, LLC v. Town of Wilson*,
242 A.D.3d 1578 (4th Dep't 2025) ....9

*Home Team 668 LLC v. Town of E. Hampton*,
2024 WL 4764000 (2d Cir. Nov. 13, 2024) ....9

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
465 U.S. 75 (1984) ....2

*O'Brien v. City of Syracuse*,
54 N.Y.2d 353 (1981) ....9

*Saylor v. Lindsley*,
391 F.2d 965 (2d Cir. 1968) ....2

*Simmons v. Trans Express Inc.*,
37 N.Y.3d 107 (2021) ....9

*Whitfield v. City of New York*,
96 F. 4th 504, 522 (2d Cir. 2024) ....9

**Statutes**

42 U.S.C. § 1983 ....1, 2, 9

CPLR Article 78 ....1, 2, 3, 9

CPLR 3211(e) ....3

CPLR 5013 ....3

Defendants[1] submit this Memorandum of Law in response to "Plaintiffs' Supplemental Memorandum of Law in Opposition to Defendants' Motion for Judgment on the Pleadings" (Doc. No. 19). In several respects, Plaintiffs misapprehend why the State Court Litigation entirely bars this action on account of res judicata.

## PRELIMINARY STATEMENT

First, Plaintiffs do not dispute that New York law governs the res judicata principles this Court must use to evaluate the State Court Litigation. Yet, they do not cite a single New York State Court case that would establish a dismissal for lack of ripeness does *not* constitute a merits determination under New York law. At a minimum in New York, therefore, whether a ripeness dismissal is on the merits remains an open question.

Even so, Plaintiffs miss the critical point that, pursuant to controlling precedent in the Appellate Division, Fourth Department, the Fourth Department's dismissal of Plaintiffs' two plenary causes of action on account of Plaintiffs' failure to serve a timely notice of claim upon the Town indeed was a dismissal on the merits in the State Court Litigation. Plaintiffs further fail to recognize that, once this dismissal on the merits took place, New York's transactional theory of res judicata prevents Plaintiffs from commencing or prosecuting this action that sets forth 42 U.S.C. § 1983 claims they could have asserted (and actually did assert) in the State Court Litigation.

Second, Plaintiffs admit they brought the State Court litigation as a "hybrid" Article 78 proceeding and plenary action, and they do not dispute the Fourth Department expressly treated the State Court Litigation as such. Yet, in opposing the Town's res judicata

---

[1] Capitalized and abbreviated terms have the same meanings assigned in Defendants' initial Memorandum of Law supporting their pending motion for judgment on the pleadings (Doc. No. 12-4).

defense, Plaintiffs do not invoke any cases that evaluate the res judicata effect of a hybrid Article 78 proceeding and plenary action. Recent Second Circuit Court of Appeals authority confirms that a hybrid Article 78 proceeding and plenary action, like the State Court Litigation, in which one or more causes of action have been dismissed on the merits is entitled to res judicata effect.

Third, Plaintiffs offer no contrary authority to the breadth of case law that demonstrates the State Court Litigation has res judicata effect even though Plaintiffs' § 1983 causes of action remain pending therein during an appeal by the Town and its ZBA to the New York Court of Appeals. Instead, Plaintiffs resort to complaining they will be deprived of their day in Court if they lose that appeal. In reality, however, if Plaintiffs do not prevail before the New York Court of Appeals, they will have only themselves to blame for their failure to file a summons. The consequences of Plaintiffs' own litigation decisions offer no principled reason to deny the res judicata effect properly afforded to the State Court Litigation.

## ARGUMENT

## POINT I

## RES JUDICATA BARS ALL OF PLAINTIFFS' CLAIMS IN THIS ACTION

As an initial matter, all parties agree the res judicata effect of the State Court Litigation is determined by New York common law, rather than by Federal common law. Doc. No. 19, pp. 10-11; Doc. No. 20, p. 2 (both citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984)). As such, Plaintiffs' reliance on cases applying res judicata under Federal common law should be disregarded. *See, e.g.*, *Saylor v. Lindsley*, 391 F.2d 965 (2d Cir. 1968) (cited at Doc. No. 19, p. 3); *Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516 (2d Cir. 2009) (cited at Doc. No. 19, p. 4).

**A. Plaintiffs fail to refute there was a merits dismissal in the State Court Litigation, or to acknowledge New York's transactional analysis approach to res judicata**

Initially, Plaintiffs attempt to downplay the significance of the Fourth Department's dismissal of their CPLR Article 78 causes of action by claiming the State Court Litigation "only" determined that the challenged action of the ZBA was not yet final. Doc. No. 19, p. 3. Plaintiffs ignore, however, that their Article 78 causes of action unquestionably *did* ripen when the ZBA issued the 2024 SUP with conditions in June 2024, and Plaintiffs failed to bring a timely challenge to any of those conditions during the subsequent four-month limitations period. Answer ¶¶ 115-17. Because Plaintiffs were afforded a further remedy, which they failed to utilize, the Fourth Department's dismissals of Plaintiffs' CPLR Article 78 causes now constitute a final determination as to those causes of action.

Moreover, despite Plaintiffs' claim that a dismissal for lack of ripeness is "quintessentially a jurisdictional or procedural determination" (Doc. No. 19, p. 2), Plaintiffs identify no case that would hold a dismissal in New York State Court for lack of ripeness is not a merits determination entitled to res judicata effect. Instead, Plaintiffs invoke two CPLR provisions, CPLR 5013 and 3211(e). out of context.

First, CPLR 5013 "should be construed to apply by its terms to circumstances where the trial of an action has commenced and the dismissal occurs some time thereafter" because the reference to "the close of the proponent's evidence" implicates "the trial of an action." Hon. Mark C. Dillon, Practice Commentary C5013:1 (McKinney 2023). No trial has taken place in the State Court Litigation, however, so CPLR 5013 is irrelevant.

Second, contrary to Plaintiffs' assertion (*see* Doc. No. 19, p. 2), CPLR 3211(e) is silent as to whether certain dismissals constitute adjudications on the merits. Rather, CPLR 3211(e) simply provides certain defenses are waived if not made in a pre-answer motion to

dismiss or in a responsive pleading. Because Plaintiffs have not offered any authority on point concerning whether the dismissal of Plaintiffs' Article 78 causes of action in the State Court Litigation for lack of ripeness constituted a determination on the merits, this is, at a minimum, an open question under New York law. Doc. No. 20, p. 2.

Regardless, the answer to that question does not matter, because the Fourth Department also dismissed Plaintiffs' plenary causes of action that claimed tortious interference with business relations and injury to business reputation on account of Plaintiffs' failure to serve a timely notice of claim upon the Town. As Defendants explained in their initial Supplemental Memorandum of Law, the Fourth Department holds those dismissals were merits determinations that conferred res judicata effect upon the State Court Litigation. Doc. No. 20, pp. 2-4 (citing *Covanta Niagara, L.P. v. Town of Amherst*, 70 A.D.3d 1440, 1440-41 (4th Dep't 2010)).

Defendants also demonstrated in their initial Supplemental Memorandum of Law that New York's transactional analysis approach to res judicata means that the Fourth Department's merits dismissals of at least Plaintiffs' tortious interference with business relations and injury to business reputation causes of action entitle the State Court Litigation to res judicata effect. *See* Doc. No. 20, pp. 4-5 (citing *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (2021)). Plaintiffs do not dispute that New York applies such a transactional analysis approach, but they erroneously claim "res judicata cannot bar claims that were *actually raised* but never reached[.]" Doc. No. 19, p. 6 (emphasis in original). *Accord*, Doc. No. 19, p. 10 (claiming the pendency of § 1983 claims in the State Court Litigation prevents the application of res judicata).

In reality, "'once a claim is brought to a final conclusion, *all other claims arising out of the same transaction or series of transactions* are barred, even if based upon different theories or if seeking a different remedy[.]'" *Simmons*, 37 N.Y.3d at 111 (quoting *O'Brien v.*

*City of Syracuse*, 54 N.Y.2d 353, 357 (1981)) (emphasis in original). To be clear, Defendants do not suggest Plaintiffs' § 1983 claims have already been adjudicated in the State Court Litigation, because they have not been. Rather, because at least two causes of action were dismissed on the merits in the State Court Litigation, New York's transactional analysis approach to res judicata now bars Plaintiffs in this action from asserting its § 1983 claims, all of which Plaintiffs could have asserted (and did assert) in the State Court Litigation. *Accord*, Doc. No. 20, pp. 4-5.

**B. Plaintiffs fail to apprehend that a hybrid Article 78 proceeding and plenary action such as the State Court Litigation, is entitled to res judicata effect**

In response to this Court's second question of whether the hybrid Article 78 proceeding and plenary action nature of the State Court Litigation precludes it from having res judicata effect, Plaintiffs curiously rely upon only 1980s and 1990s cases that evaluate "pure" Article 78 proceedings, rather than hybrid litigation. Doc. No. 19, pp. 5-7. In doing so, Plaintiffs disregard controlling precedent in which the Second Circuit Court of Appeals assessed only two years ago the preclusive effect of a New York State Court hybrid Article 78 proceeding and plenary action, and demonstrated why the State Court Litigation is res judicata.

In *Whitfield v. City of New York*, the Second Circuit recognized that "New York courts allow for the possibility of a hybrid proceeding where the petitioner can pursue Article 78 relief *and* plenary claims for damages — including claims under section 1983 — in one action, on separate procedural tracks." 96 F.4th 504, 522 (2d Cir. 2024) (emphasis in original). In doing so, the Second Circuit noted that such hybrid proceedings had not yet achieved general acceptance when *Davidson v. Capuano*, 792 F.2d 275 (2d Cir. 1986) (*viz.*, Plaintiffs' primary authority invoked to claim "the hybrid nature of the [State Court Litigation] independently precludes the application of res judicata to bar Plaintiffs' § 1983 claims for damages") was decided. *Whitfield*, 96 F.4th at 524 n.17; *contra* Doc. No. 19, p. 5. As such, the Second Circuit

explained *Davidson* simply stands for the proposition that "a judgment in a 'pure' Article 78 proceeding does not preclude, under the doctrine of *res judicata*, a later section 1983 damages claim based on the same set of facts." *Id.* at 524-25.

The Second Circuit then juxtaposed how, "[i]n a hybrid proceeding," unlike in a "pure" Article 78 proceeding, "the petitioner is free to pursue Article 78 claims *and* plenary claims for damages," and accordingly, "*res judicata* applies and precludes the petitioner from getting another bite at the apple. *Whitfield*, 96 F.4th at 526. The Second Circuit specifically held "judgment in a prior Article 78 proceeding will preclude future damages claims … if the petitioner sought relief that could not be awarded in a pure Article 78 proceeding *and* the state court took affirmative action demonstrating that it adjudicated the proceeding as a hybrid one." *Id.* at 527 (emphasis in original). The Second Circuit continued, "[W]here it is clear that a prior proceeding was adjudicated as a hybrid or plenary action, *res judicata* will bar future damages claims arising from the same events (assuming the party to be bound had a full and fair opportunity to litigate." *Id.* at 533. *Accord*, Doc. No. 20, p. 5 (citing New York authority applying res judicata to hybrid proceedings); Doc. No. 17, pp. 3-4 (citing *Home Team 668 LLC v. Town of E. Hampton*, 2024 WL 4764000, at *3 (2d Cir. Nov. 13, 2024)).

Admittedly, in *Whitfield*, the Second Circuit held that a previous New York State Court litigation was not entitled to res judicata effect, because Supreme Court had neither treated that case as a "hybrid" proceeding and had repeatedly invoked constraints on obtaining money damages in Article 78 proceedings. 96 F.4th at 530-31. But here, by contrast, there is no dispute that the Fourth Department adjudicated the State Court Litigation as a "hybrid CPLR article 78 proceeding and action." *Matter of Haunted Forest, LLC v. Town of Wilson*, 240 A.D.3d 1340, 1341 (4th Dep't 2025); *accord*, Doc. No. 19, p. 8. For that reason, Plaintiffs could have asserted

(and did assert) in the State Court Litigation their § 1983 claims for money damages, and New York's transactional theory of res judicata bars them from doing so a second time herein or in any other action on account of the Fourth Department's merits dismissal of at least two State Court Litigation causes of action (*viz.*, for tortious interference with business relations and injury to business reputation).

**C. Plaintiffs fail to recognize the State Court Litigation is entitled to res judicata effect while Defendants' appeal to the New York Court of Appeals is pending, and their policy arguments to the contrary are unpersuasive**

Plaintiffs offer no authority for their inaccurate assertion that the State Court Litigation can have no res judicata effect while an appeal is pending in the State Court Litigation. *See* Doc. No. 19, pp. 8-10.[2] And indeed, extensive authority set forth in Defendants' initial Supplemental Memorandum of Law contradicts this assertion. *See* Doc. No. 20, pp. 5-7.

Alternatively, Plaintiffs ask this Court to deny the State Court Litigation res judicata effect based on the procedural posture of this case and Plaintiffs' alleged "commitment to judicial economy." Doc. No. 19, p. 12. This request lacks merit not only because it contravenes what New York State law requires, but also because it disregards at least two points.

First, Plaintiffs accuse Defendants of filing "appeal after appeal" in the State Court Litigation in a claimed effort to deprive Plaintiffs of their day in Court. Doc. No. 19, p. 13. It bears emphasis, however, that Defendants have succeeded on many of those appeals. Reversing Supreme Court in significant part, the Fourth Department dismissed six of Plaintiffs' causes of action in the State Court Litigation (*Haunted Forest*, 240 A.D.3d at 1341-42), and

[2] Plaintiffs similarly claim, without citing any authority, that res judicata cannot apply because the instant action incorporates new factual allegations and sues individual defendants not sued in the State Court Litigation. Doc. No. 19, pp. 11-12. Defendants respectfully refer the Court to their prior briefing explaining why these circumstances do not foreclose application of res judicata, and why the individual defendants herein have privity with the Town and/or its ZBA. *See* Doc. No. 12-4, pp. 7-9; Doc. No. 17, p. 4.

granted the Town and its ZBA leave to appeal to the New York Court of Appeals to determine whether the remaining causes of action should be dismissed as well (*Matter of Haunted Forest, LLC v. Town of Wilson*, 242 A.D.3d 1578, 1578 (4th Dep't 2025)). Simply put, Defendants are entitled to their own day in Court for adjudication of their defenses, and any suggestion otherwise by Plaintiffs strains credulity.

Second, Plaintiffs decry that they could be "deprive[d] … of their day in court" if they lose the pending appeal to the New York Court of Appeals. Doc. No. 19, p. 12. *Accord*, Doc. No. 19, p. 9 (claiming Plaintiffs would be "deprived of any forum in which to vindicate their constitutional rights" if they lose on appeal to the Court of Appeals and if this action should be dismissed on account of res judicata). Yet this is nothing but a projection of blame from where it belongs, with Plaintiffs themselves, for their own litigation decisions. For example:

- Plaintiffs alone failed to serve a notice of claim upon the Town, thereby resulting in the merits dismissals of their plenary causes of action for tortious interference with business relations and injury to business reputation. *Haunted Forest,* 240 A.D.3d at 1342.
- Plaintiffs alone chose to bring unripe CPLR article 78 causes of action before the ZBA issued a final determination on their application for a special-use permit for the 2023 fall season (*Haunted Forest*, 240 A.D.3d at 1341), and then failed to commence a timely CPLR Article 78 proceeding once they had a ripe challenge available to the conditions imposed by the 2024 SUP (Answer ¶¶ 115-17).
- Further, Plaintiffs alone chose not to file a summons when they initiated the State Court Litigation. Answer ¶ 127. Had they simply done so, there would be no pending appeal to the New York Court of Appeals to evaluate Supreme Court's subject-matter jurisdiction over Plaintiffs' plenary causes of action, and Defendants would have

perceived no need to commence this action as a hedge against an outcome in the Town's and the ZBA's favor on that appeal.

As discussed *supra* and in Defendants' previous submissions, ample authority demonstrates New York law accords res judicata effect to the State Court Litigation, and Plaintiffs are therefore barred from litigating their § 1983 claims in this action. Any dissatisfaction Plaintiffs may have with this outcome is the necessary consequence of their own litigation decisions.

## **CONCLUSION**

For all the foregoing reasons, and for the reasons set forth in their principal Memorandum of Law (Doc. No. 12-4), their Reply Memorandum of Law (Doc. No. 17), and their initial Supplemental Memorandum of Law (Doc. No. 20), Defendants respectfully request judgment in their favor on the pleadings and dismissal of the Complaint in its entirety.

Dated: Buffalo, New York
June 1, 2026

PHILLIPS LYTLE LLP

By: /s/ Craig R. Bucki
Craig R. Bucki
Emma P. Murphy
One Canalside, 125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
cbucki@phillipslytle.com
emurphy@phillipslytle.com

Dated: Albany, New York
June 1, 2026

NAPIERSKI, VANDENBURGH, NAPIERSKI & O'CONNOR, L.L.P.

By: /s/ Shawn F. Brousseau
Shawn F. Brousseau
296 Washington Avenue Extension, Suite 3
Albany, New York 12203
Telephone No. (518) 862-9292
sfb@nvnolaw.com

*Attorneys for Defendants Town of Wilson, NY; Town of Wilson Zoning Board of Appeals; Travis Evans; Doyle Phillips; Robert Hull; Agnes Diane Muscoreil; John Moley; Estate of James V. Muscoreil; and Mark Schmitkons*